## CIRCUIT COURT OF LANCASTER COUNTY

Carroll Sanders

v.

Christopher A. Shaut et al.

March 15, 1990

Case No. 0-1989

By JUDGE JOSEPH E. SPRUILL, JR.

Mr. Carroll Sanders was injured in an auto accident on February 9, 1987, when his vehicle collided with one operated by Mr. Franklin E. Davis, Jr. In late 1987, Sanders sued Davis, seeking damages of $2,000,000. Pre-trial discovery indicated that Sanders sustained severe injuries and had incurred medical and related expenses of approximately $400,000. In January, 1988, Sanders conferred with counsel (other than the one representing him against Davis) about a possible medical malpractice claim against Dr. C. A. Shaut, one of his physicians attending his injuries. In August, 1988, Sanders settled his claim against Davis for $50,000, the full amount of Davis's insurance coverage.

The release signed by Sanders (a.k.a. Saunders) in the Davis settlement releases Davis, his agents and servants from "claims and demands including claims or actions for contribution and/or indemnity of whatever nature now existing or which may hereafter arise out of an accident, casualty, or occurrence which happened on or about the 9th day of February, 1988, at or near Route 601, Northumberland County, Virginia, including any consequences thereof now existing or which may develop, whether or not such consequences are known or anticipated."

In April, 1989, Sanders initiated the instant medical malpractice action against Dr. Shaut. We presently have for consideration a Motion for Summary Judgment filed by Dr. Shaut seeking dismissal on grounds that all claims relating to injuries received in the auto accident were released and resolved in full by the settlement of the Davis case.

Counsel have filed briefs and were heard in oral argument before the Court, sitting in Essex, on March 14, 1990.

Shaut argues that any negligence on his part in treating Sanders was a mere aggravation of the injuries received in the auto accident and that such aggravation was an element of damages for which Sanders was compensated in the Davis settlement. Therefore, claims Shaut, the consequences of his action were subsumed in the original action, and his liability, if any, was fully satisfied when Sanders released Davis. Shaut relies principally on *Powell v. Troland*, 212 Va. 205 (1971), to support his position. There our Supreme Court quoted with approval from an earlier case, *Corbett v. Clarke*, 187 Va. 222 (1948), as follows:

> The general rule is that if an injured person uses ordinary care in selecting a physician for treatment of his injury, the law regards the aggravation of the injury resulting from the negligent act of the physician as a part of the immediate and direct damages which naturally flow from the original injury. A settlement with the original tortfeasor operates as a release of the negligent physician.

Shaut further maintains that he is subject to a claim for contribution from Davis and that to hold Shaut answerable in this action is to expose him to the possibility of having to defend, and perhaps pay, two factually identical claims relating to the same injury. Finally, Shaut claims Sanders is entitled to one, and only one, full satisfaction and this was obtained against Davis. For support here, he points to the release and the order of the Northumberland Circuit Court dismissing with preju-

dice the Davis case, which order recites "all matters herein sued upon have been . . . settled in full . . . ."

Sanders, on the other hand, argues that *Powell v. Troland* has been overruled by the enactment in 1979 of Section 8.01-35.1 of the Code. This statute modified the common law rule so that thereafter, in Virginia, release of one tortfeasor does not necessarily release all. Sanders claims that he did not intend to release Shaut by signing the document releasing Davis. Counsel for Sanders in the Davis claim, as well as counsel for Davis, testified that no consideration was given in the Davis settlement to any other claims Sanders may have had. It was conceded that the extensive special damages were a consideration prompting the insurer for Davis to pay its full coverage.

The acknowledged purpose in enacting § 8.01-35.1 was to mollify the manifest harshness of the common law rule releasing joint tortfeasors and to protect and accelerate some form of payment to the injured party.

A literal interpretation of § 8.01-35.1 requires the conclusion that the Davis release does not release Shaut. Further, because Shaut's potential liability is not extinguished by the Davis release, Shaut is not subject to a suit by Davis for contribution.

We come then, it seems to the Court, to the question of whether Sanders received, in the Davis settlement, "full compensation" for his injuries. Notwithstanding the statute, if it could be shown that the amount received by Sanders was accepted as full compensation for all claims, tortfeasors not formally released might nevertheless be relieved of liability. If this reasoning is correct, then the statute is not necessarily in conflict with the holding in *Powell v. Troland*. There, the full extent of the plaintiff's injuries and expenses were laid before the jury, and its award was deemed to include the consequences of Dr. Troland's services. The Court stated, "In *Powell v. Purks*, the plaintiff proved the entire consequences of both the automobile accident and the subsequent medical treatment, including Dr. Troland's neurological operation. The trial court found that it was obvious from its verdict that the jury took the whole picture into account in arriving at the award."

Assuming that Sanders's damages arising from this accident approximate $400,000, a $50,000 settlement does not approach "full compensation."

Accordingly, we find that pursuant to § 8.01-35.1, the Davis release does not release Dr. Shaut and that Sanders has not accepted in the Davis case "full compensation" for his injuries. Therefore, the Motion for Summary Judgment will be denied.